Michael KOEPP, Petitioner,

v.

UTICA MUTUAL INSURANCE
COMPANY, Respondent.

No. D-1539.

Supreme Court of Texas.

July 1, 1992.

Rehearing Overruled July 1, 1992.

Karen A. Lerner, Michael B. Charlton, Houston, Creighton Maynard, Fort Worth, for petitioner.

E. Thomas Bishop, Alexander N. Beard, Dallas, for respondent.

PER CURIAM.

The motion for rehearing is overruled. The court's original opinion in this cause is withdrawn and the following opinion is substituted therefor.

At issue in this workers' compensation case is whether the trial court properly rendered a take-nothing judgment against Michael Koepp as a discovery sanction for failure to comply timely with the trial court's order compelling answers to certain interrogatories. A majority of this court holds that the sanction in this particular case is inconsistent with our decision in *TransAmerican Nat. Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex.1991).

During a deposition of Koepp, Utica Mutual Insurance Company inquired about Koepp's drug use; however, Koepp's attorney refused to allow him to answer the questions. Utica then filed a motion to compel answers regarding the drug use. Pursuant to the trial court's order, Koepp answered questions about his drug use but refused to identify any drug-using co-workers.

Five days later, Utica filed a motion for sanctions against Koepp requesting that his pleading be stricken and his action be dismissed with prejudice. At the hearing on the motion, Koepp was represented by a new attorney, Creighton Maynard; Koepp's attorney of record, Karen Lerner, had taken a leave of absence from her practice due to a motor vehicle accident in which she suffered serious injuries. At the conclusion of the hearing, Koepp was ordered to respond by written interrogatories to those questions which he would not answer in his previous depositions. In addition, the trial court ordered that Koepp pay $250.00 as attorneys' fees by September 3, 1990.

On August 3, 1990, the interrogatories were served via facsimile and the answers were due on or before September 5, 1990. On September 6, 1990, the trial court rendered a take-nothing judgment against Koepp on the first day that the interrogatories were past due under the trial court's order. Although the court of appeals affirmed, it did not indicate that it considered *TransAmerican,* which was handed down thirteen days before it decided this case.

In *TransAmerican,* we stated that sanctions must be measured by two standards: "First, a direct relationship must exist between the offensive conduct and the sanction imposed.... Second, just sanctions must not be excessive.... A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its

legitimate purpose." *TransAmerican*, 811 S.W.2d at 917. In this case, neither prong of that two-part test was met.

Furthermore, sanctions which preclude presentation of the merits of the case should not be assessed "absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *Id.* at 918. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976) (per curiam). In this case, there is no evidence of bad faith to warrant such extreme sanctions.

In fact, there is evidence to the contrary. Koepp's attorney of record, Karen Lerner, took a leave of absence.[1] On September 4, 1990, Lerner returned to her practice. The following day, on September 5, 1990, Lerner's legal assistant called Bishop, Utica's counsel, to ask for an extension of time. Bishop refused to take or return her calls or respond to the request for an extension of time to file the answers. Instead, he waited until September 6, 1990, which was the day after the deadline set by the trial court's order, went to the courthouse, and had the trial court render the take-nothing judgment against Koepp. Thus, these circumstances neither amount to bad faith nor warrant such extreme sanctions.[2]

Accordingly, pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this court grants Koepp's application for writ of error, reverses the judgment of the court of appeals, and remands the cause to the trial court for further proceedings consistent with this opinion.

---

**1.** There is some dispute as to the reason for Lerner's leave of absence. She maintains that her doctor ordered her to take an extended absence from her practice to recover from serious injuries she sustained in an automobile accident. On the other hand, Bishop contends that she was merely on vacation. However, this issue is not germane to the resolution of the case.

**2.** Under Rule 215(5) of the Texas Rules of Civil Procedure, a party who fails to respond to a discovery request may not present evidence that the response should have contained, unless good cause is shown. *Alvarado v. Farah Manufacturing Co., Inc*, 830 S.W.2d 911, 913 (Tex.1992). For death penalty sanction to be warranted, however, the party must obstruct the discovery process by refusing to produce material evidence which should have been readily furnished during discovery. *See TransAmerican*, 811 S.W.2d at 918.